**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melanie Powis, | No. CV-21-00336-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Defendant Commissioner of Social Security's ("Commissioner") Unopposed Motion for Clarification and/or Correction Under Federal Rule of Civil Procedure 60. (Doc. 32.) On March 13, 2023, the Court issued an Order reversing the ALJ's decision, and remanding this matter. (Doc. 30.) The Commissioner seeks correction and clarification regarding the Court's disposition and remand, specifically the part of the Order that read:

> **IT IS FURTHER ORDERED REVERSING** the decision of the Administrative Law Judge and **REMANDING** this matter for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment accordingly. Because this matter is also remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the new medical evidence discussed herein, **IT IS FURTHER ORDERED DIRECTING** Plaintiff to file a new opening brief, motion or stipulation to dismiss within thirty days of a final decision by the Commissioner.

(*Id.* at 19.)

### I.    Standard of Review

A court will grant a motion for reconsideration only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Granting such a motion may occur when the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration need not be granted if it asks the district court merely "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). The motion is not a means to raise arguments that could have been raised in earlier proceedings, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor to reargue the same matter, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with the court's determination is not reason enough to warrant reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

### II.    Discussion

The Commissioner "seeks clarification and/or correction as to the basis for remand . . . . If this Court intended to remand under sentence four, then this Court should strike the reference to remand under sentence six. If the Court intended to remand under sentence six, then the Court should strike the reference to sentence four and strike the judgment." (Doc. 32 at 2–3.)

However, "[a] court may remand under both sentence four and sentence six when each are applicable—a phenomenon called a 'dual remand.'" *Zlotoff v. Comm'r of Soc. Sec. Admin.*, 2:19-cv-02829-PHX-JAT, 2020 WL 4016223, at *8 n.10 (D. Ariz. July 16, 2020) (citing *Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996); *Akopyan v. Barnhart*, 296 F.3d 852, 857 (9th Cir. 2002); *Rangel v. Acting Comm'r of Soc. Sec.*, No.

CV 16-0091-TUC-BPV, 2017 WL 4296667, at *22 (D. Ariz. Sept. 28, 2017)). If the Court finds that a dual remand is warranted, "[t]he entry of judgment remanding the case does not end the jurisdiction of the district court" because "the district court retains jurisdiction over the case pursuant to sentence six of § 405(g)." *Id.* (quoting *Walters v. Colvin*, 213 F. Supp. 3d 1223, 1232 (N.D. Cal. 2016)).

The Commissioner has not demonstrated that the Court's order remanding under both sentence four and sentence six was clear error, manifestly unjust, or another other grounds for correction. Accordingly,

**IT IS ORDERED** that the Unopposed Motion for Clarification and/or Correction Under Federal Rule of Civil Procedure 60 is **DENIED without prejudice**. (Doc. 32.)

Dated this 21st day of March, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge